FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
MICHAEL O'BRIEN (SBN 277244)
michaelo@novianlaw.com
ALEXANDER BRENDON GURA (SBN 336704)
gura@novianlaw.com
**NOVIAN & NOVIAN, LLP**
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222
Facsimile: (310) 553-0222

*Attorneys for Plaintiff TRILLER FIGHT CLUB II LLC*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRILLER FIGHT CLUB II LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON T. WILLIAMS, an individual; ITSLILBRANDON, an unknown business entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br>1. **COPYRIGHT INFRINGEMENT**<br>2. **VIOLATION OF THE FEDERAL COMMUNICATIONS ACT: 47 U.S.C. § 605**<br>3. **VIOLATION OF THE FEDERAL COMMUNICATIONS ACT: 47 U.S.C. § 553**<br>4. **CONVERSION**<br>5. **VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT: 18 U.S.C. § 1030**<br>6. **VICARIOUS COPYRIGHT INFRINGEMENT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

1

1   Plaintiff Triller Fight Club II LLC, a Delaware limited liability company
2   ("Plaintiff" or "Triller") hereby complains against Defendants Brandon T. Williams,
3   an individual ("Williams"), ItsLilBrandon, an unknown business entity
4   ("ItsLilBrandon"), and Does 1 through 10, inclusive (collectively, the "Defendants"),
5   and alleges as follows:

6   ### NATURE OF THIS ACTION

7   1.   Plaintiff is the copyright owner and publisher of the Triller Fight Club
8   broadcast of the "Jake Paul vs. Ben Askren" boxing event, including all undercard
9   bouts and the entire television broadcast, exhibited via closed circuit television and via
10  encrypted satellite signal (hereinafter referred to as the "Broadcast").  The Broadcast
11  originated via satellite uplink and, beginning April 17, 2021, was subsequently re-
12  transmitted to cable systems and satellite companies via satellite signal and/or
13  retransmitted via satellite signal to licensed content distributors such as Plaintiff's
14  authorized online platforms.  Plaintiff institutes this action to obtain remedy for—and
15  to permanently hinder—the blatantly unlawful infringement and rampant theft of its
16  copyrighted work by the Defendants.

17  2.   Since on or about March 10, 2017, Defendants, and each of them, have
18  owned and operated various torrent and streaming websites including, but not limited
19  to,    https://www.youtube.com/channel/UCRjHeG6mxIFuMaLS3HAt9rg/    (the
20  "YouTube Channel").  Upon information and belief, Defendants, and each of them,
21  acted knowingly, willfully, unlawfully and with blatant disregard to Plaintiff's
22  copyright in the Broadcast by using various torrent and streaming websites, including
23  the YouTube Channel, to unlawfully upload, distribute, and publicly display, without
24  authorization, the Broadcast to the users of the YouTube Channel.  Defendants did not
25  have authorization to upload, distribute, or publicly display the Broadcast to the users
26  of the YouTube Channel.

27  3.   As show in the below screenshot, Defendants, and each of them, solicited
28  payments in exchange for their unlawful uploading, distribution, and public display of

2
COMPLAINT

the Broadcast to users of the YouTube Channel, by, among other things, asking users to "donate to me!"



4.    As show in the below screenshot, Defendants, and each of them, solicited payments in exchange for their unlawful uploading, distribution, and public display of the Broadcast to users of the YouTube Channel by, among other things, asking users to "please help me out" and providing information for an account with Cash App, a mobile payment processing service.

///

///

///

///

///

///

///

COMPLAINT
4820-8923-8759, v. 2



COMPLAINT

4820-8923-8759, v. 2

1

2      5.      As show in the below screenshot, Defendants, and each of them, solicited

3  payments in exchange for their unlawful uploading, distribution and public display of

4  the Broadcast to users of the YouTube Channel by, among other things, linking the

5  YouTube Channel to Defendants' StreamElements page where "tips" and "donations"

6  are accepted.



7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4820-8923-8759, v. 2

6.     Defendants' calculated and reprehensible infringement, theft, and other unlawful acts—committed in knowing violation of the law—has resulted in damages suffered by Plaintiff by stealing and diverting unique viewers of the illegal and unauthorized viewings of the Broadcast from Plaintiff.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 101, *et seq.* and 28 U.S.C. § 1331, which states that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a), which states that district courts shall have original jurisdiction of any civil action relating to, among other things, copyrights.

8.     This Court has specific personal jurisdiction over Defendants as a result of Defendants' contacts with this District.

9.     Venue is proper in this District pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

10.     Plaintiff is a corporation incorporated under the laws of Delaware and having its principal place of business in the State of California.

11.     Plaintiff is engaged in the business of distributing its copyrighted materials as defined in 17 U.S.C. § 101, and offering such content, including the Broadcast, for purchase on a Pay-Per-View basis to its paying customers over the internet or via cable or satellite TV.  Plaintiff invests substantial money, time, and effort in advertising, promoting, selling, and licensing programming such as the Broadcast.

12.     Plaintiff owns the copyrights to the Broadcast.  As the exclusive owner of the Copyright in its programing, including but not limited to the Broadcast, Plaintiff possesses the exclusive rights to, *inter alia*, exhibit, distribute, disseminate and

1    perform the Broadcast publicly.

2        13.    Upon information and belief, Defendant Williams is an individual

3    residing in Los Angeles, California, and/or Chesapeake, Virginia, and who owns,

4    operates, or otherwise controls the YouTube Channel for the purpose of permitting,

5    encouraging, facilitating, and inducing the sharing of videos and live programing of

6    audiovisual materials between users of the YouTube Channel. Those materials include

7    programming owned and/or controlled by Plaintiff, including the Broadcast, which

8    was unlawfully offered by Defendant Williams via the YouTube Channel.

9        14.    Upon information and belief, Defendant ItsLilBrandon is an unknown

10   business entity that owns, operates, or otherwise controls the YouTube Channel for

11   the purpose of permitting, encouraging, facilitating, and inducing the sharing of videos

12   and live programing of audiovisual materials between users of the YouTube Channel.

13   Those materials include programming owned and/or controlled by Plaintiff, including

14   the Broadcast, which was unlawfully offered by Defendant ItsLilBrandon via the

15   YouTube Channel.

16       15.    Plaintiff is informed and believes, and thereon alleges, that the actions

17   and omissions that serve as the basis for this complaint were undertaken jointly and

18   with the consent, conspiracy, cooperation, and joint participation of all Defendants.

19       16.    Plaintiff is informed and believes, and thereon alleges, that at all times

20   mentioned herein, each Defendant was the agent, joint venture, and/or employee of

21   each and every other Defendant, and in doing the things alleged in this complaint, each

22   Defendant was acting within the course and scope of such agency, joint venture, and/or

23   employment and with the permission and consent of each of the other Defendants.

24       17.    The true names and capacities, whether individual, corporate, associate,

25   or otherwise, of Defendants named herein as Does 1 through 10, inclusive, and each

26   of them, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants,

27   and each of them, by such fictitious names. Plaintiff will advise the Court and seek

28   leave to amend this Complaint when the true names and capacities of each such

COMPLAINT

Defendant has been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each such Defendant designated as a Doe Defendant is responsible in some manner for the events and happenings referred to herein or as hereinafter specifically alleged.

## **ALTER EGO ALLEGATIONS**

18.    Upon information and belief, at all relevant times, there existed a unity of interest between Defendants such that any individuality or separateness between them has ceased.  Defendant ItsLilBrandon is the alter ego of Defendant Williams in that:

  a. Defendant ItsLilBrandon is, and at all relevant times was, a mere shell, instrumentality, and conduit through which Defendant Williams carried on business in the name of Defendant ItsLilBrandon, while exercising complete control and dominance over Defendant ItsLilBrandon, its business and assets, to such an extent that any individuality or separateness between Defendant ItsLilBrandon and Defendant Williams.

  b. Defendant ItsLilBrandon was conceived, intended, and used by Defendant Williams as a device to avoid liability and for the purpose of substituting an undercapitalized entity—namely, Defendant ItsLilBrandon—in the place of Defendant Williams.  Defendant ItsLilBrandon is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business done by Defendant Williams and the risks of loss, its capitalization was illusory and trifling.  In addition, many assets of Defendant ItsLilBrandon were transferred without adequate consideration to Defendant Williams.

  c. Defendant Williams diverted assets from Defendant ItsLilBrandon to himself to suit his own convenience in carrying out business matters which were and should have been the domain of Defendant

4820-8923-8759, v. 2

1    ItsLilBrandon.

2        d.  Defendant ItsLilBrandon is, and at all times herein mentioned was,

3    controlled, dominated, and operated by Defendant Williams as his

4    alter ego, in that the activities and business of Defendant

5    ItsLilBrandon were carried out without annual meetings, and without

6    keeping records or minutes of any proceedings, or maintaining written

7    resolutions.

8        19.   Adherence to the fiction of the separate existence of Defendant

9    ItsLilBrandon and Defendant Williams would permit an abuse of the corporate

10   privilege and would sanction fraud, promote injustice, and otherwise aid in the

11   commission of unlawful conduct.  This is true because, as Plaintiff is informed and

12   believes, at all relevant times, Defendants were commingling assets in a manner that

13   allowed Defendants to utilize and freely transfer those assets amongst themselves.  The

14   commingling of assets and unlawful business conduct, as alleged more fully herein,

15   by Defendants was intended, among other things, to allow Defendant Williams to

16   avoid liability to Plaintiff and others.

17   **COUNT ONE**

18   **(Copyright Infringement Against All Defendants)**

19       20.   Plaintiff hereby realleges, and by this reference incorporates herein, each

20   and every allegation of preceding and subsequent paragraphs as though fully set forth

21   herein.

22       21.   Plaintiff is the owner of the copyrights to the Broadcast, including all

23   undercard bouts and the entire television Broadcast.  Plaintiff's rights include, but are

24   not limited to, all moving images and other audio/video content which were

25   broadcasted via encrypted satellite signal.  The Broadcast originated via satellite

26   uplink and was subsequently retransmitted to cable systems and satellite companies

27   via satellite signal and/or retransmitted via satellite signal to licensed content

28   distributors such as Plaintiff's authorized, online platforms.

9
COMPLAINT

22.     As the copyright holder to the rights of the Broadcast, Plaintiff has the exclusive right to copy, publicly perform and distribute it.

23.     Defendants, and each of them, failed to obtain the proper authority or license from Plaintiff to copy, publicly perform or distribute the Broadcast.

24.     Upon information and belief, Defendants illegally copied, uploaded, publicly performed and distributed the Broadcast via the internet with full knowledge that the Broadcast could only be obtained by purchasing a license from Plaintiff.

25.     Defendants, and each of them, have utilized various torrent and streaming websites, including the YouTube Channel, to upload, distribute, and publicly display the Broadcast to the users of such YouTube Channel in direct violation of the exclusive rights owned by Plaintiff.

26.     Specifically, upon information and belief, the Defendants, and each of them, obtained the Broadcast through internet websites, cable and/or satellite Pay-Per-View purchase intended for private, non-commercial viewing, and subsequently illegally re-transmitted the Broadcast and publicly exhibited the Broadcast by illegally copying and uploading the Broadcast to the YouTube Channel for other users to also illegally view, download, access, share, and distribute.

27.     Defendants, and each of them, have infringed on Plaintiff's copyright in the Broadcast by reproducing, adapting distributing, uploading, copying, and publicly displaying the copyrighted works without Plaintiff's authorization in violation of the Copyright Act, 17 U.S.C. § 501, and have recouped profits from the YouTube Channel through users' payments to the Defendants or through advertising revenue generated through the YouTube Channel.

28.     Defendants' acts of infringement were willful, in blatant disregard of, and committed with indifference to Plaintiff's rights.

29.     By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 17 U.S.C. § 501.

COMPLAINT

30.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Broadcast.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Broadcast, in an amount to be established at trial.

31.     Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

### COUNT TWO

**(Violation of the Federal Communications Act: 47 U.S.C. § 605 Against All Defendants)**

32.     Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

33.     Plaintiff is the owner of the Broadcast, including all undercard matches and the entire television broadcast, aired via closed circuit television and via encrypted satellite signal.

34.     The Broadcast was available for non-commercial, private viewing through Plaintiff, its authorized online vendors, as well as through Pay-Per-View purchase through authorized satellite TV providers.  Defendants, in a calculated effort to use Plaintiff's Broadcast for their own commercial benefit, obtained access to Plaintiff's Broadcast by purchasing the programming and subsequently copying the Broadcast and uploading it to torrent and streaming websites, including the YouTube Channel.

35.     In order to purchase and view the Broadcast through a satellite TV provider intended for private, non-commercial viewing, an individual purchaser was subject to the copyright language contained therein which expressly stated that the "unauthorized reproduction or distribution of the copyrighted work is illegal."

36.     Upon information and belief, with full knowledge that the Broadcast was

not to be received, distributed, reproduced and or publicly exhibited by individuals unauthorized to do so, Defendants, without authorization from Plaintiff, unlawfully intercepted, received and/or de-scrambled Plaintiff's satellite signal for purposes of direct commercial advantage and subsequently divulged the Broadcast to the public by copying and distributing said Broadcast to the users of the YouTube Channel in exchange for payments to aid, encourage, support, or otherwise endorse Defendants' infringing conduct.

37.   Upon information and belief, Plaintiff alleges that Defendants effected unauthorized interception and receipt of Plaintiff's Broadcast via Defendants' satellite TV service by ordering programming for residential use and subsequently copying, uploading, distributing and publicly displaying the Broadcast without authorization, or by such other means which are unknown to Plaintiff and known only to Defendants.

38.   47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of communications such as the Broadcast for which Plaintiff had the distribution rights thereto.

39.   By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 47 U.S.C. § 605(a)

40.   As a proximate result of Defendants' willful violations of 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(a), Plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to *each* violation.

41.   Pursuant to 47 U.S.C. § 605, Plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT THREE

### (Violation of the Federal Communications Act: 47 U.S.C. § 553 Against All Defendants)

42.   Plaintiff hereby realleges, and by this reference incorporates herein, each

4820-8923-8759, v. 2

and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

43. Upon information and belief, Defendants willfully and unlawfully accessed, received, and subsequently re-transmitted the Broadcast over a cable TV or internet system while knowing that they were unauthorized to do so.

44. 47 U.S.C. § 553 prohibits the unauthorized reception of any communications service offered over a cable system such as the transmission of the Broadcast for which Plaintiff holds the copyright ownership thereto.

45. Upon information and belief, the Defendants knowingly, willfully and unlawfully accessed, received and subsequently re-transmitted the Broadcast when it was offered via a cable TV or internet subscription without the authorization from Plaintiff and without paying Plaintiff the appropriate Pay-Per-View fee.

46. By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 47 U.S.C. § 553.

47. As a proximate result of Defendants' willful violations of 47 U.S.C. § 553, Plaintiff is entitled to damages in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each violation, plus the recovery of full costs, interest and reasonable attorney's fees, in the discretion of this Court.

## COUNT FOUR

### (Conversion Against All Defendants)

48. Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

49. Plaintiff, at all relevant times, owned, possessed, and had the right to possess the copyrights to the Broadcast.

50. By virtue of Defendants' conduct as set forth herein, Defendants, and each of them, knowingly and intentionally substantially interfered with Plaintiff's property by unlawfully converting it for their own commercial use, benefit, and private

4820-8923-8759, v. 2

financial gain.

51.     Defendants' acts of conversion were done without Plaintiff's consent and with the objective of depriving Plaintiff of its copyright ownership for Defendants' direct commercial benefit, advantage and private financial gain.

52.     As a proximate result of Defendants' wrongful conversion of the Broadcast, Plaintiff suffered damages in an amount subject to proof at trial.

**COUNT FIVE**

**(Violation of the Computer Fraud and Abuse Act: 18 U.S.C. § 1030 Against All Defendants)**

53.     Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

54.     Upon information and belief, Defendants, and each of them, without authorization or by exceeding the scope of granted authorization, accessed a protected computer containing Plaintiff's live internet streams of the Broadcast, and knowingly and with the intent to defraud, unlawfully copied, distributed, and publicly displayed the Broadcast.

55.     Upon information and belief, as a proximate result of Defendants' unlawful and fraudulent conduct as set forth herein, Defendants, and each of them, obtained the valuable copyrighted Broadcast and subsequently uploading, distributing, and publicly displaying the Broadcast using the YouTube Channel.

**COUNT SIX**

**(Vicarious Copyright Infringement Against All Defendants)**

56.     Plaintiff hereby realleges, and by this reference incorporates herein, each and every allegation of preceding and subsequent paragraphs as though fully set forth herein.

57.     Plaintiff is the owner of the copyrights to the Broadcast, including all undercard bouts and the entire television Broadcast. Plaintiff's rights include, but are

14

COMPLAINT

not limited to, all moving images and other audio/video content which were broadcasted via encrypted satellite signal.  The Broadcast originated via satellite uplink and was subsequently retransmitted to cable systems and satellite companies via satellite signal and/or retransmitted via satellite signal to licensed content distributors such as Plaintiff's authorized, online platforms.

58.     Upon information and belief, Defendants, and each of them, directly infringed on Plaintiff's Broadcast by illegally uploading the Broadcast and/or portions thereof via the internet on the YouTube Channel in direct violation of Plaintiff's exclusive copyright.

59.     Upon information and belief, Defendants encouraged online users to copy, share, download, distribute, and share content, including the Broadcast, on the YouTube Channel, and defendants facilitated, participated in and induced users to engage in the unauthorized reproduction, adaptation, public display and public performance of programming containing Plaintiff's copyrighted Broadcast.

60.     Defendants had the right and ability to control and prevent the users on the YouTube Channel from directly accessing and infringing on Plaintiff's Broadcast which was copied, uploaded, and distributed by Defendants, and each of them.

61.     Defendants derived a financial benefit from such users' activities on the YouTube Channel by directing such users to external and/or shareable payment links, such as PayPal links, whereby users could remit direct payments to Defendants in order to compensate, fund and endorse each respective Defendants' infringement of Plaintiff's Broadcast.

62.     By reason of Defendants' conduct as described herein, Defendants, and each of them, willfully violated 17 U.S.C. § 501.

63.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Broadcast.  As such, Plaintiff

4820-8923-8759, v. 2

1    is entitled to disgorgement of Defendant's profits directly and indirectly attributable

2    to Defendants' infringement of the Broadcast, in an amount to be established at trial.

3          64.     Plaintiff is further entitled to its attorney's fees and full costs pursuant to

4    17 U.S.C. § 505.

5                            **PRAYER FOR RELIEF**

6          WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

7    them, as follows:

8    <u>AS TO COUNT ONE:</u>

9          1.     That Defendants, Defendants' employees, representatives, and agents be

10             enjoined from copying, uploading, distributing, selling, or otherwise

11             infringing on Plaintiff's copyright in the Broadcast;

12          2.     That Plaintiff be awarded all profits of Defendants plus all losses of

13             Plaintiff, the exact sum to be proven at the time of trial; and

14          3.     That an order be issued requiring Defendants, and each of them, to

15             account to Plaintiff for profits attributable to their use of Plaintiff's

16             copyright, in accordance with proof.

17    <u>AS TO COUNT TWO:</u>

18          4.     For statutory penalties in an amount, in the discretion of this Court, of up

19             to the maximum amount of $110,000.00 for each of the Defendants'

20             willful violations of 47 U.S.C. § 605(a).

21    <u>AS TO COUNT THREE:</u>

22          5.     For statutory penalties in an amount, in the discretion of this Court, of up

23             to the maximum amount of $60,000.00 for each of the Defendants' willful

24             violations of 47 U.S.C. § 553; and

25          6.     For Attorney's fees, interest, and costs of suit pursuant to 17 U.S.C. §

26             505; 47 U.S.C. §§  605(e)(3)(B)(iii) or 553(c)(2)(c).

27    <u>AS TO COUNT FOUR:</u>

28          7.     For damages within this Court's jurisdiction in an amount according to

COMPLAINT

4820-8923-8759, v. 2

proof at trial; and

8.   For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct.

AS TO COUNT FIVE:

9.   For damages within this Court's jurisdiction in an amount according to proof at trial; and

10.   Injunctive relief enjoining from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast.

AS TO COUNT SIX:

11.   That Defendants, Defendants' employees, representatives, and agents be enjoined from copying, uploading, distributing, selling, or otherwise infringing on Plaintiff's copyright in the Broadcast;

12.   That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial; and

13.   That an order be issued requiring Defendants, and each of them, to account to Plaintiff for profits attributable to their use of Plaintiff's copyright, in accordance with proof.

AS TO ALL COUNTS:

14.   For pre-judgment and post-judgment interest on all damages awarded;

15.   For attorneys' fees and costs of suit incurred herein according to proof; and

16.   For such other and further relief as the Court may deem just and proper.

///
///
///
///
///
///

Dated:  May 27, 2021

NOVIAN & NOVIAN, LLP
Attorneys at Law

By:   /s/ Farhad Novian
FARHAD NOVIAN
MICHAEL O'BRIEN
ALEXANDER BRENDON GURA

*Attorneys for Plaintiff TRILLER FIGHT
CLUB II LLC*

18
COMPLAINT

4820-8923-8759, v. 2