UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4432 FMO (KSx) | Date | July 26, 2021 |
|---|---|---|---|
| Title | Triller Fight Club II LLC v. Brandon T. Williams, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|

| Joseph Remigio | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**     (In Chambers) Order Dismissing Action Without Prejudice

Plaintiff Triller Fight Club II LLC ("plaintiff") filed its complaint on May 27, 2021. (See Dkt. 1, Complaint). On July 2, 2021, the Clerk entered default against defendants Brandon T. Williams ("BTW") and Itslilbrandon ("ILB") (collectively, "defendants"). (See Dkt. 16, Default by Clerk [as to BTW]); (Dkt. 17, Default by Clerk [as to ILB]). On July 6, 2021, the court ordered plaintiff to "file and serve a motion for default judgment [against defendants] no later than July 20, 2021." (Dkt. 18, Court's Order of July 6, 2021, at 1). Plaintiff was admonished that "failure to file the motion for default judgment by the deadline set forth" in the order may result in the action being dismissed for failure to prosecute and/or to comply with a court order. (Id.) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). As of the filing date of this Order, plaintiff has not filed a motion for default judgment. (See, generally, Dkt.).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order and failure to prosecute. Plaintiff's failure to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4432 FMO (KSx) | Date | July 26, 2021 |
|---|---|---|---|
| Title | Triller Fight Club II LLC v. Brandon T. Williams, et al. | | |

file the motion for default judgment hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action.  In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [it] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).  Further, plaintiff was warned that failure to file a motion for default judgment could result in a dismissal of the action for lack of prosecution and failure to comply with a court order.  (See Dkt. 18, Court's Order of July 6, 2021, at 1); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted).  Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

   Based on the foregoing, IT IS ORDERED THAT judgment be entered dismissing this action, without prejudice, for failure to prosecute and comply with the orders of the court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | jre |